UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                             CASE NO: 6:15-cr-27-Orl-18TBS

LUINY MIGUEL GOMEZ SEGURA

    Defendant.

## ORDER

This case comes before the Court on Defendant Luiny Miguel Gomez Segura's Motion for Return of Property (Doc. 42). The Government has filed a response to the motion (Doc. 44).

On January 16, 2015, Defendant arrived at Orlando International Airport on a Jet Blue flight that originated in Santo Domingo, Dominican Republic (Doc. 1, ¶ 2). United States Customs and Border Protection ("CBP") officers made a routine inspection of Defendant's luggage and discovered a white powdery substance which tested positive for the presence of cocaine sewn into a pair of jeans (Id., ¶ 3). Defendant was arrested and post-Miranda warnings, admitted that he had agreed to transport narcotics into the United States (Id., ¶ 5). He was indicted for importing cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 960 (Doc. 10). On February 19, 2015, Defendant pled guilty as charged (Doc. 22). The Court accepted his plea, and Defendant was sentenced to 30 months in prison after which, he shall be turned over to the Department of Homeland Security for deportation to the Dominican Republic (Doc. 36).

Defendant alleges that when he was arrested, CBP agents seized a cellphone, sunglasses, bag of clothing, headphones, camera, and identification documents from him

(Doc. 42 at 1). Defendant argues that this property should be returned to him because it was not utilized by the Government to prosecute the case (Id.). The Government states that the cellphone was imaged, retained as evidence, and subsequently destroyed at the conclusion of the case (Doc. 44, ¶ 1). Defendant's clothing was also retained and destroyed upon the completion of the case (Id., ¶ 2). Defendant's passport is being held by Homeland Security Investigations, to be turned over to United States Immigration and Customs Enforcement in connection with the ordered removal of Defendant to the Dominican Republic (Id., ¶ 3). All of Defendant's other personal effects were turned over to Jet Blue on January 16, 2015 (Id., ¶ 4).

On the sparse record before it the Court finds that Defendant's passport is properly retained by the Government. Because the Government is not in possession of any of Defendant's other property, his motion is **DENIED without prejudice** to Defendant's right to seek relief if he believes the Government is liable to him for the loss or destruction of his property.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    United States Attorney
    Luiny Miguel Gomez Segura